Dear Mr. Rosenberg:
This office is in receipt of your request for an opinion of the Attorney General relative to possible changes in the composition of the Orleans Parish School Board.
You indicate that in 1988 the five member school board was increased to seven members, two to be elected at large and the remainder to be elected one from each of five districts. Prior to the 1988 election the proposed change was submitted to the United States Department of Justice for pre-clearance and no objections were made. With a decrease in the populations of the parish as reflected in the 1990 census, and a shift in the location of the population within the districts, new boundaries for each of the five single member districts have become necessary.
The School Board is considering several plans, including a plan which calls for shifting from the present system of two at large and five districts to a board composed of seven members in which each is elected from a single district.
You ask if the School Board has the power to make this suggested change.
In order to comply with the "one man, one vote" requirement the Legislature created by Act 561 of 1968 in Title 17, Education, Part II, Subpart A-1 entitled Reapportionment and Reorganization. R.S. 17:71.1 gave each school board authority to reapportion itself so that "each member of said board represents as nearly as possible the same number of persons" to be based upon the 1970 federal census, or a special census as authorized. R.S. 17:71.2 set forth maximum and minimum terms of not less than five nor more than fifteen members. R.S. 71.5 provided each board was authorized to again reapportion itself based upon the census taken in 1980 and every ten year decennial thereafter, but declared "no school board shall reapportion itself more often than every ten years".
There was no exception to the prohibition against reapportionment more often than once every ten years prior to the amendment by Act 440 of 1985. Atty. Gen. Op. 85-791. By amendment it now appears clear that the legislative authority to reapportion more often than every ten years is applicable to a school board that provides for two members for each district. It can reorganize by reducing the size of the board to one member for each district, but the number and boundaries of the district shall remain unchanged, or it may completely reapportion itself to any number.
However, this office is of the opinion that the answer to your question is not in Subpart A-1, but R.S. 17:121 which is applicable to the Orleans Parish School Board.
R.S. 17:121 is in Subpart C which is a specific statute applicable to Orleans Parish School Board and is entitled "Orleans Parish, election and terms of members; apportionment; qualifications; compensation; vacancies; prohibited acts." (Emphasis added.) The school board consisted of five members with all terms to expire in 1988. The statute provides with the commencement of the term of office of school board members elected in the congressional elections in 1988 and thereafter, the Orleans Parish School Board would be composed of at least five and no more than nine members elected either by district or at large or by any combinations of district and at large "as shall be determined by the Orleans Parish School Board. Candidates shall qualify and the elections shall be held as provided by the election laws of this state."
Consequently, it is the opinion of this office that under R.S.17:121 in Orleans Parish the composition of the School Board shall be determined by the school board as long as it complies with the federal law to insure equal representation, and cannot be restricted to reapportionment until 1998.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/1976f